Good morning, Your Honor. May it please the Court. My name is Tom Drysdale, and I'm here today representing Matthew Turner. We're here today because for the last five years, Matthew Turner has been denied a full review of his First Step Act motion on the merits, despite the fact that he committed a covered offense, and despite the fact that he has never had his sentence imposed or reduced in accordance with the Fair Sentencing Act. Now, everybody here agrees, including the District Court and the government, that Mr. Turner committed a covered offense, as that term is defined under the First Step Act. And it seems at this point that the government is also conceding that the cocaine portion of Mr. Turner's sentence does not render him ineligible either, just as they conceded in United States v. McSwain. So at this point, the only question that's really left is, did Mr. Turner receive a full review of his motion on the merits? And I think it's pretty clear, based on this Court's precedent, particularly in United States v. Korner, that he did not. This Court in Korner very clearly defined what is a full review of the motion on the merits. That is a baseline process that includes an accurate comparison of the statutory penalties and any resulting changes to the sentencing parameters as they existed then and as they presently exist. This Court has reached... At step two. That is at step two, correct. That's step one. Correct, Your Honor. And your client was ruled out at step one. Correct. With the first round. That is correct, Your Honor. So the district court has said that our client was categorically ineligible for relief because of the mandatory minimum for cocaine. Right. So Korner doesn't apply because it was a step two analysis about what constitutes a full round on the merits at step two. This was resolved on the ineligibility step one analysis. Well, Your Honor... We affirmed that ruling in the Hibble case. So there has been a full round. Your Honor, I would disagree with that. I would say that particularly if you look at McSwain, this exact argument was addressed and this Court found that it was an eligibility determination to find that the district court had no authority to reach the sentence because of the powder cocaine mandatory minimum. In fact, the government agreed that it was a step one eligibility finding. There was a combined judgment in that case, right? I'm sorry, Your Honor. McSwain is different from this case? I don't believe it is, Your Honor. I believe that McSwain is the same issue that is presented in this case. Does it matter that McSwain was decided two years after the district court decided the eligibility issue in the first round? I don't think it does matter, Your Honor. I think McSwain obviously is incredibly persuasive here, but what I think actually matters is Concepcion. And Concepcion basically says that you cannot read restrictions into the First Step Act that don't exist in the text of the First Step Act, which is precisely what the district court did here in denying eligibility. The district court said the mandatory minimum for a different drug excludes you from seeking relief under the First Step Act. Concepcion says that is impermissible. And Concepcion also says that, and so does every case from this Court, that once you are eligible for First Step Act relief, which Mr. Turner is because he committed a covered offense, that's the end of the eligibility analysis. But that's after McSwain and the progeny, right? And prior to McSwain, there was some uncertainty in the circuit with regard to whether or not, and in a lot of other circuits too, and whether or not where you have a covered offense, where you have an aggregate sentence of a covered offense or non-covered offense, whether or not that person would be eligible or not, right? I mean, that was something that was hotly contested, and in this circuit certainly, prior to McSwain. I agree, Your Honor. But then again, Concepcion came along and Concepcion says that all that matters is whether you committed a covered offense. And so the eligibility determination here cannot stand after Concepcion. Well, I mean, if we look, if we kind of retroactively look back and try to figure it out, right? But I guess my question is, does it matter that at the time of the original district court order, which was April 29th, 2020, that the district court, no one really had the benefit of McSwain or the cases that followed? I think the only thing that matters for Your Honor is to show that Mr. Turner has never received a full review of his motion on the merits. He was denied the eligibility. So you're saying that for every person that was denied the eligibility stage prior to McSwain, that they can now bring another first step motion because there is now a new standard in whether or not they're eligible. Certainly not everybody, Your Honor. I think there's a lot of these cases that exist where the district court makes the alternative 3553A finding that says basically, even if the defendant was eligible, I would not grant relief for X, Y, and Z reason. So it's definitely not going to be everybody. But for people who were denied based on the dual drug conspiracy as being a categorical bar to seeking relief, when Concepcion came along and said, that can't be because Congress didn't write it in the First Step Act, and we don't have that alternative 3553A finding, we don't have a review on the merits that those people can come back because they are eligible defendants who have never received the review that the First Step Act entitles them to. And what authority do you have for the notion that Concepcion and McSwain should be applied retroactively? Your Honor, I think that it's very clear that Concepcion... I don't know that it's necessarily an issue of retroactivity. It's an issue... If the district court denied your clients as being ineligible, the state of the law was different than it was pre-Concepcion and pre-McSwain. And so the question is, you would have us apply the standards set forth in Concepcion and McSwain to your clients to basically say that this order that was entered in 2020 was basically null and void, given the state of the current law now. And so to me, that seems somewhat of a retroactive application of a standard that did not exist at the time that district court was doing its analysis in 2020. I think it's always existed. It exists in the First Step Act. This restriction has never been in the First Step Act. The district court was applying something outside of the First Step Act that never existed. So I don't think it's necessarily an issue of retroactivity. It's an issue of the fact that Matthew Turner has always been eligible for First Step Act relief. All Concepcion did was confirm that. That finding by the district court has never been correct. He has always been eligible for relief, and he has never got the review that he is entitled to. But his sentence can't go below the life minimum for the powder. It can, Your Honor. And that's Concepcion again, because all of his 851s are no good. He's got three 851s. Two of them are for Illinois cocaine, which they're overbroad under Ruth, and one of them is a heroin possession distribution case where he didn't serve 12 months in prison. So under Concepcion, he certainly can, and of course, this court's opinion in Flawey, he certainly can come and make the argument that his mandatory minimum under the powder cocaine is actually 10 years at this point. That is permissible, and as this court said in Newbern, the court actually has to take into account those meritorious arguments if they're raised. So what we said in the Hibble case rejecting this precise argument, not Duluth-based argument, but the argument about the dual subject of the conspiracy here covering both powder and cocaine, can't go beneath the 30 years that was reduced by executive clemency from the life sentence. That's just not the end of the line, even though we said it was? Correct, Your Honor. I don't think that holding can stand after Concepcion, because it very clearly can, based on Concepcion, go below the mandatory minimum based on arguments that he can raise in support of that. There's no other questions. I'll save the remainder of my time. Thank you. Mr. Simpson. Good morning, Your Honors. May it please the court, I'm Scott Simpson on behalf of the United States. The phrase wanting to have another bite at the apple is a little bit of a cliche in post sentencing law, but I think it applies very much here. This is Mr. Turner's, of course, his third motion for sentence reduction under section 404 of the First Step Act. It's also his third appeal to this court, and that's besides his request for a certificate of appealability on his section 455 motion. Mr. Turner is seeking to reduce his sentence under the First Step Act, again, notwithstanding that crack cocaine was just a tiny part of his offense. The district court found that he was responsible for 155 kilograms of powder cocaine and only 96 grams of crack. That's over 1,600 times more powder than crack. Mr. Turner, as I'll explain, has already had his complete review under section 404, and the law of this case forecloses considering this third motion. This court in Hibble already considered Mr. Turner's pre-First Step Act sentences and what his post-First Step Act sentence would be, and still held that his sentence cannot be less than the presidentially commuted 30 years, as Judge Sykes has observed. And the district court said the same thing in ruling on the second, Mr. Turner's second motion under the First Step Act, which after the prior appeal in this court, which Mr. Turner did not appeal that denial. In other words, both this court and the court of appeals, I'm sorry, both this court and the district court have considered Mr. Turner's request and determined that even though he was convicted of a covered offense, his sentence cannot be reduced any further. True, in a way, there are two steps in the First Step Act. The covered offense question, and then after making that determination, a court confronts section 404B, which is May, and this court in Hibble came to that point and said, okay, yes, he was convicted of a covered offense, but we in the lower court can't go any further here because Mr. Turner's mandatory minimum for the powder cocaine prevents further reducing his sentence. And the First Step Act we submit cannot require anything more. Otherwise, a prisoner could come back again and again with another First Step Act motion in the hope that some statutory or case law change may have occurred that would give him a hope of getting a reduced sentence. And in terms of the chronology, the Ruth argument was available to him? The Ruth had not been decided when he submitted his first First Step Act motion. But it had been decided by the time of the appeal? Yes, it had, Your Honor, and it had been decided and the Hibble decision does not refer to the Ruth decision. Presumably, I would certainly think the Hibble court was familiar with Ruth at that point. Section 404 illustrates... A Ruth-type argument was available to him before Ruth was decided because that issue was being litigated all over the circuit. He could have made a Ruth-type argument correct even without Ruth having been decided, but he did not. Section 404 reflects the need for finality that we see so often in this kind of case. And this particular case illustrates the need for that. Mr. Turner has had his direct appeal. He's had a Section 2255 motion. He's had his presidential commutation. He had a 3582C2 motion based on a guideline amendment which the district court denied. He's had two prior motions under the First Step Act. He's had his appeal in this court on one of those motions. Now he's trying to get another bite at the apple. It has to be an end somewhere and Section 404 reflects that. The defense here says that Mr. Turner should get another shot now because the district court might choose to apply apple theoretically if the district court were required to exercise its discretion at the final step of the First Step Act. But where does it end? Where does it end? As we've said, Ruth did not exist when Mr. Turner filed his first motion under the First Step Act. We're going to go back now to some form of this court's Davenport scheme under Section 2241 where a defendant can seek a sentence reduction based on some new development in the case law. I don't think that's what Congress had in mind in enacting the First Step Act. And even if the district court, even if that were to happen, even if the district court were to look at this case pursuant to this court's instruction and proceed to the final step of the First Step Act, and even if the district court chose to apply Ruth, as has been referred to already this morning, Mr. Turner would still have that prior felony drug offense for heroin. So he would still have a mandatory minimum sentence. And I must disagree with defense counsel on his argument that the minimum would be lower. He's referring, that's a reference to Section 401 of the First Step Act, which changed what it means to have a serious drug felony. Those changes, Congress expressly chose not to make retroactive. So the district court presumably would not be referring, would not be considering that particular change in sentencing. As to the powder cocaine? No, as to the heroin. I believe the defense's argument is that because, if I understand correctly, is that because Mr. Turner did not actually serve more than, what is it, 12 months on that heroin offense, that it no longer qualified for sentence enhancement. We submit that is incorrect because that part of the First Step Act in Section 401 is not retroactive, and Congress chose not to make it retroactive. And even aside, even aside from the one complete review provision of Section 401, this court has already held in the Hibble decision that Mr. Turner's sentence cannot be reduced any further. That is the law of this case. Just like the one complete review provision of the statute, the law of the case doctrine is a matter of finality. The court decided Hibble in September 2021, and at that point, presumably, this court and the government, certainly, and presumably the district court thought, okay, Mr. Turner's First is over. And this court's decision in McSwain is not to the contrary. That was decided only five months later, in February 2022, and the circumstances in McSwain weren't even the same as those presented here. The court's decision there was based on the government's agreement that the district court could proceed to that final step of the First Step Act to exercise discretion. But here, the government has not made that concession under the circumstances of this case. As I said, there needs to be an end, and we submit that Mr. Turner has gone past the end. If there are no further questions, I'll ask the court to affirm the lower court's decision. Thank you. Mr. Drysdale. There is an end. It ends when Mr. Turner gets a full review of the motion on the merits that Congress said he is entitled to as an eligible defendant. He's never had that full review of the motion on the merits. It will end if the court remands the case for Mr. Turner to get the review he is entitled to. Now, the government's position on Mr. Turner's prior heroin conviction is directly contradictory to Concepcion that clearly says even non-retroactive changes in the law may be considered in ruling on a First Step Act motion. So, yes, he would have no 851s. That's important. The sentencing parameters are drastically different in this case than they existed originally. And the government says that Section 404 reflects finality. That's not true. Section 404 reflects a policy choice by Congress that individuals who were sentenced in accordance with old crack cocaine laws should have an opportunity to have their sentence reviewed. And I'm not persuaded by the government's argument that this was only a little bit of crack cocaine. That doesn't matter. Shaw says that doesn't matter. He is eligible for First Step Act relief and he is entitled to a full review of his motion on the merits. Not a lower sentence. One full review. One full review of his motion on the merits considering all of the arguments that he raises in support of a reduced sentence. So you read the complete review language in 404C as not including the merits for an eligible defendant means what this court said it meant in Newbern is that all of the defendant's arguments in support of a reduced sentence must be considered. Thank you, Your Honors. Thank you. All right. Our thanks to both counsel. That case is taken under advisement and we'll move to